## LACLEDE COUNTY BANK v. JONES et al., Appellants.

### Division Two, June 9, 1903.

**Appeals:** SERVING TRANSCRIPT IN ANOTHER CASE. Where there is a stipulation between the parties to suits somewhat alike as to the introduction of evidence in the trial court, the appellate court will not, in the absence of any reference to a disposition of the causes therein, look through a transcript which has been prepared for both appeals for such evidence as it may deem applicable to each. It is incumbent upon appellant to incorporate in separate records the evidence which he and the trial judge considered applicable to the cause in which a reversal of the judgment is asked. In such case, this court will dismiss the appeal if appellant files in this court, not the abstract or transcript in this case, but the abstract or transcript made in another, in which the pleadings were dissimilar and different judgments were rendered.

Appeal from Lawrence Circuit Court.—*Hon. H. C. Pepper,* Judge.

APPEAL DISMISSED.

*J. L. Newhouse* for respondent.

The action of the appellant certainly can not and will not be held to be a compliance with rule number 12. The two cases were tried on distinct pleadings; different parties and different evidence, different rulings of the court, with entirely distinct and separate judgments. This rule distinctly requires that there should be an abstract of this case—and not some other case—prepared, signed, served on respondent, and duly filed with the clerk of the Supreme Court. So important are these rules to the orderly administration of justice and the due transaction of the business of the appellate court, that its rule can not be set aside, even by agreement of the parties; but in this case there was no agreement of parties as to the disposition of these cases in the Supreme Court. The only stipulation is that recited in brief in No. 10391, page 65, as to production of evidence in the present case in the trial court and had no reference to appellate practice or disposition of cases in the appellate court and was not an attempt or agreement to consolidate the cases. It was not even an attempt to hear the cases separately by the trial court at the same time, because the agreement was made after the trial and judgment in the case of Phillips et al., appellants, v. Jones et al. The true principle and practice are correctly stated in 38 Mo. App. 461.

BURGESS, J.—This is a proceeding instituted by plaintiff under section 650, Revised Statutes 1899, against defendants, Lucy A. Jones and W. R. Jones, her husband, and Jesse N. Phillips, to determine the interest and quiet the title of the parties to certain lands described in the petition and lying in Laclede county, where the suit was instituted.

After the issues were made up, on motion of defendants, the venue of the cause was changed to Lawrence county, where upon trial had, there was judgment for plaintiff, adjudging that it had an absolute fee sim-

ple title to the premises in controversy.    Defendants appeal.

Plaintiff has filed in this court a motion to dismiss this appeal upon the ground of a failure by appellant to comply with rule number 12 of this court, which provides that in all cases where a complete transcript is brought in the first instance, the appellant shall deliver to respondent a copy of his abstract of the record at least thirty days before the day on which the cause is set for hearing, and file ten copies thereof with the clerk of this court not later than the day preceding the one on which the cause is set for hearing.   Instead of complying with this rule, appellants served respondent with a copy of the brief in an entirely different case, namely, Phillips et al., Respondents, v. Lucy A. Jones et al., number 10391, containing a so-called statement, abstract, brief and argument of said appellants in that case, instead of this case, number 10390, and ten copies in said case numbered 10391 were filed in this case.

The pleadings in the two cases are dissimilar, and different judgments were rendered thereon.    The rule means that an abstract of the record in each case to be heard in this court shall be prepared, signed, served on respondents, and duly filed with the clerk of the Supreme Court.

While there was a stipulation between the parties as to production of evidence in the trial court, it had no reference to the hearing and disposition of the case in this court.   In Jungeman v. Joseph Schnaider Brewing Co., 38 Mo. App. l. c. 461, it is said: "It is incumbent upon the parties to incorporate in each record, separately, the evidence which they and the trial judge considered applicable to the cause, and which they deem necessary for the review of the points of law presented.   We will not, and can not, hunt through a number of records, for the purpose of gathering from them such parts of the evidence as we might deem applicable to the present case.   This is neither the province nor

the duty of appellate courts, and such a practice would lead to interminable confusion."

The motion to dismiss the appeal is sustained. All of this Division concur.